1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, ESQ. SR., | No. 2:20-cv-01550-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| HERSHEY CHOCOLATE CORPORATION, | |
| Defendant. | |

Plaintiff, who is proceeding in pro se, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, plaintiff resides in Pittsburgh, CA (Contra Costa County), and the substance of his claim appears to be injury by the ingestion of Hershey's chocolate. ECF No. 1 at 3. The

1  residency of the defendant is not alleged.  On August 5, 2020, the court issued an order to show
2  cause why this case should not be transferred to the Northern District of California.  ECF No. 3.
3  Plaintiff did not respond.  On the basis of the facts alleged in the complaint, the court finds that
4  plaintiff's claim should have been filed in the Northern District of California.  In the interest of
5  justice, a federal court may transfer a complaint filed in the wrong district to the correct district.
6  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the Northern District of California.

DATED: August 20, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE