UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHANNON O. MURPHY, ESQ., SR., | Case No. 20-cv-05895-LB |
| Plaintiff, | |
| v. | **ORDER SCREENING COMPLAINT WITH LEAVE TO AMEND** |
| HERSHEY CHOCOLATE CORPORATION, | Re: ECF No. 1 |
| Defendant. | |

### INTRODUCTION

The plaintiff Shannon O. Murphy, Sr., who represents himself in this action and who is proceeding *in forma pauperis*, sued Hershey Chocolate Corporation, alleging that he became ill after eating a Hershey's chocolate bar.[1] Before directing the United States Marshal to serve the defendant with the plaintiff's complaint, the court must screen in for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The court dismisses the complaint, with leave to amend, because the plaintiff has not plausibly pleaded a claim, and allows amendment by September 18, 2020 if the plaintiff can cure the complaint's deficiencies.

---

[1] Compl. – ECF No. 1 at 2–3. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-05895-LB

**STATEMENT**

**1. Complaint**

The plaintiff alleges that he became ill after ingesting Hershey's "Mr. Good Bar" candy bar.[2] Hershey apparently sent the plaintiff two letters, each containing a check for $25, presumably for his adverse reaction to the product.[3] He alleges that Hershey "did not pay sufficient, careful" attention to his illness.[4]

The complaint alleges claims for breach of contract, negligence, fraud, and discrimination:

> 1. BREACH OF CONTRACT: Since Hershey Company, did in fact, of two occassions write a check, assembled and sent to therefore case relevant, distract, and ignore their injury claimant Murphy, while breach contract, as contract should somewhere state, exclaim Hershey Chocolate Corporation, subject issue fair injury claim, the here case plaintiff is certainly compel add this event for regards comply valid, subsequent cause of action.
>
> 2. TORT NEGLIGENCE: Hershey Chocolate Corporation did in fact issue two checks, exclaim monetary value, sufficient, in order [to] distract and detour fair due process administrations for regards injury claim, to plaintiff; Because the total amount of regards both relevant checks issued by Hershey Chocolate Corporation, was in fact insufficient, restitute, compensate for all their claimant stated at injury claim, plaintiff filed lawsuit.
>
> 3. FRAUD — APPROPRIATE SERVICE: Plaintiff's Murphy states here that because plaintiff's injury claim was fact, ignored, that it did not receive a standard and complaint Hershey's company, injury claim, fair due process, administrations, and for especially, where there was illness occur by "ingestion" of theirs Hershey chocolate, candy bar product, "Mr. Good Bar", plaintiff must exclaim that form of "fraud", has occur appropriate case, where service of a decent, and fair injury claim should have been at placed regards plaintiff exclaim ill, suffer; This does in fact include that since injury/illness by ingestion did occur, that an more sufficient investigation, and includes for relevant laboratory work, should become present, case for injury/illness proper claim result.
>
> 4. DISCRIMINATION: Plaintiff does apply discrimination for relevant, cause of action here this court complaint, as a form of discrimination was explained [above] . . . .[5]

---

[2] *Id*. at 3 (¶ 4).

[3] *Id*. at 2 (¶ 1).

[4] *Id*.

[5] *Id*. at 2–3 (¶¶ 2–5). The order quotes the allegations in their entirety without corrections.

ORDER – No. 20-cv-05895-LB         2

United States District Court
Northern District of California

The plaintiff also attached a medical record dated October 28, 2015. The record is a psychiatric discharge note. The plaintiff apparently went to the hospital because he was "brought by secret service agents" and was "trying to reach [the] President." He was diagnosed with "Bipolar I disorder manic episode with [p]sychotic features."[6]

## 2. Procedural History

The plaintiff filed his complaint on August 3, 2020, in the Eastern District of California.[7] He alleges diversity jurisdiction under 28 U.S.C. § 1332.[8] On August 21, 2020, Magistrate Judge Allison Claire transferred the case to the Northern District of California because the plaintiff resides in this District and the injury appears to have occurred here.[9] The court granted the plaintiff leave to proceed in forma pauperis.[10]

## ANALYSIS

### 1. *Sua Sponte* Screening – 28 U.S.C. § 1915(e)(2)

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule

---

[6] *Id*. at 4.

[7] *Id*.

[8] *Id*. at 1 (¶ 1).

[9] Order – ECF No. 4.

[10] Order – ECF No. 9.

ORDER – No. 20-cv-05895-LB                    3

of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (internal quotation marks and brackets omitted).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe *pro se* complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A *pro se* plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*,

413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

### 2. The Complaint Fails to State a Claim

The complaint does not clearly state a legally cognizable claim or facts that may support one.

"A pleading that states a claim for relief must contain . . . a short and plain statement showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Directness and clarity are mandatory: "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Although "specific facts are not necessary," the statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tannenbaum v. Cal. Dep't of Corrs. & Rehab.*, C 18-6770 WHA (PR), 2019 WL 469975, at *1 (N.D. Cal. Feb. 4, 2019) (cleaned up). The Ninth Circuit has explained: "Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

The plaintiff's complaint is not understandable and lacks sufficient factual allegations to state a claim to relief. For each of the four claims that he alleges, it is unclear what facts or legal authorities support these claims. In addition, although the plaintiff alleges diversity jurisdiction, he does not state his or Hershey's citizenships. The court thus cannot discern whether it has subject-matter jurisdiction.

**CONCLUSION**

The court has identified the complaint's deficiencies.

The plaintiff may file an amended complaint no later than 21 days from entry of this order by September 18, 2020. In it, he must identify each claim clearly and state the specific facts and actors that relate to each claim. He must also allege the basis of this court's subject-matter jurisdiction. If the plaintiff does not file an amended complaint by the court's ordered deadline, the court will order the Clerk of the Court to reassign the case to a district court judge and recommend the newly assigned judge dismiss the case. Alternatively, the plaintiff may also voluntarily dismiss this case by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice, thereby allowing him to file a complaint later.

**IT IS SO ORDERED.**

Dated: August 28, 2020

_____
LAUREL BEELER
United States Magistrate Judge